# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SHATEEK FERGUSON,

                      Petitioner,

    -v.-                                                9:13-CV-674 (NAM/ATB)

DONALD HUDSON,

                        Respondent.

SHATEEK FERGUSON, Petitioner, pro se
CHARLES E. ROBERTS, Asst. U.S. Attorney for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

Petitioner Shateek Ferguson, presently[1] incarcerated at the U.S. Penitentiary in Jonesville, Virginia, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. The matter was referred for Report and Recommendation by the Honorable Norman A. Mordue, Senior U.S. District Judge.

Petitioner claims that he was illegally extradited from the State of New York to the Middle District of Pennsylvania for prosecution on federal charges. (Petition ("Pet.") ¶¶ 5-6, 13) (Dkt. No. 1). Petitioner pled guilty to the charges in Pennsylvania and was sentenced to ninety-six (96) months imprisonment. Petitioner seeks the "right to a criminal extradition hearing" and that his conviction be "revoked" until he is afforded such a hearing. He also asks that certain individuals associated with the prior "extradition" be "charged and prosecuted," or that petitioner "maintains" his plea of

---

[1] When petitioner filed this petition, he was incarcerated at the Federal Correctional Institution at Ray Brook, New York in the Northern District of New York. His transfer to Virginia does not affect this court's ability to rule on the petition.

guilty "with time served and immediate release." (Pet. ¶ 15).

The respondent has opposed the petition, arguing for dismissal based upon the lack of jurisdiction under 28 U.S.C. § 2241. (Dkt. No. 12). Petitioner has filed a traverse. (Dkt. No. 13). For the following reasons, this court agrees with the respondent and will recommend denial of the petition.

I.  **Relevant Facts and Procedural History**

On December 14, 2010, petitioner was charged by superceding indictment in the United States District Court for the Middle District of Pennsylvania with various controlled substance offenses. (Resp.'s Att. A) (Dkt. No. 12-1 at 2). Respondent's Attachment A is a copy of the criminal docket sheet from the federal court in Pennsylvania. On January 6, 2011, an Assistant United States Attorney in the Middle District of Pennsylvania applied to the Pennsylvania district court for, and was granted, a Writ of Habeas Corpus Ad Prosequendum for petitioner, who was then serving a state court sentence at the Watertown Correctional Facility in Rockland County, New York. (Resp.'s Att. B). Pursuant to the writ, the petitioner was produced in the Middle District of Pennsylvania on January 31, 2011, where the court appointed him counsel, took a plea of not guilty, and ordered him detained pending trial. (Resp.'s Att. A, Dkt. Nos. 80-81).

On March 8, 2012, pursuant to a written plea agreement, petitioner pled guilty to one of the four pending counts of the superceding indictment. (*Id.* Dkt. Nos. 198-223). Respondent has included a copy of the petitioner's "Acknowledgment of Rights Waived by Guilty Plea." (Resp.'s Att. C). On July 25, 2012, the District Court

2

sentenced the petitioner to 96 months imprisonment and four years of supervised release, together with a fine. (*Id.* Dkt. No. 223). Petitioner is currently serving this sentence of imprisonment.

On April 22, 2013, petitioner filed a letter addressed to the Honorable Judge Kosik (the sentencing judge in Pennsylvania). (*Id.* Dkt. No. 236). In that letter, petitioner stated his belief that his "extradition" to Pennsylvania was illegal and in violation of the "Criminal Extradition Act (1936)."[2] (*Id.*) Petitioner stated that he was never afforded a pretransfer hearing, nor was he afforded his right to have the "demand of extradition approved by the Government in the state in which the demand is made."[3] (*Id.*) Petitioner claims that he never waived any of these rights and never signed a waiver of extradition. (*Id.*)

The petitioner then informed Judge Kosik that petitioner was giving him the "right to remedy this situation." Petitioner stated that although he pled guilty, he believed that a "resentence [to] time served would be sufficient in this case."[4] (*Id.*) Petitioner implied that his plea was not "truly" voluntary because of these violations. Petitioner claimed that he was never informed of all these due process rights, and he assured Judge Kosik that he was "not the same person" that he used to be, but "a new" Shateek Ferguson. (*Id.*) Finally, petitioner stated that if the Judge could "meet with"

---

[2] Petitioner is referring to the Uniform Criminal Extradition Act of 1936. New York has adopted the Uniform Criminal Extradition Act, and it is codified at N.Y. Crim. Proc. Law § 570.02.

[3] Petitioner may mean that the demand was not approved by the "Governor," not the Government.

[4] Petitioner appears to have spent over one year in Pennsylvania prior to his plea.

3

petitioner's requested remedy, petitioner would not "pursue this matter any further," but if he did not hear from the Judge within thirty days, petitioner would be "forced" to "continue in pursuit of a remedy." (*Id.*) No further filings were made in petitioner's criminal case.

In his form-application for habeas relief in this court, petitioner answered a question indicating that he was "challenging the validity of [his] conviction or sentence as imposed." (Pet. ¶ 10). This paragraph also appears to indicate that petitioner filed a previous motion to vacate his sentence in Pennsylvania on May 30, 2013. (*Id.*) However, a review of the current docket sheet in petitioner's criminal case, *United States v. Clements, et al.*, 10-CR-322 (M.D. Pa) shows that there are no filings after the "letter" mentioned above, and no filings dated May 30, 2013.[5]

## II. Jurisdiction

### A. Legal Standards

A petitioner who raises a challenge to the "execution" of his sentence may bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, while a petitioner who is challenging the legality of a conviction or a sentence must bring a motion to vacate under 28 U.S.C. § 2255. *Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006); *United States v. Sanford*, No. 2014 WL 2208172, at *1 (E.D.N.Y. May 28, 2014). The "execution" of a sentence includes matters such as the administration of parole, the computation of a sentence by prison officials, prison disciplinary actions, prison

---

[5] A search of the electronic filing database in the Middle District of Pennsylvania, using the petitioner's name revealed no other actions file by this petitioner.

4

transfers, and certain prison conditions. *Id.* (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Poindexter v. Nash,* 333 F.3d 372, 377 (2d Cir. 2003); *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001); *Chambers v. United States,* 106 F.3d 472, 473–75 (2d Cir. 1997); *Boudin v. Thomas,* 732 F.2d 1107, 1112 (2d Cir. 1984)).

Generally, motions under section 2255 to contest the legality of a petitioner's federal sentence are brought in the sentencing court, while petitions challenging the manner, location, or conditions of a sentence's execution must be brought pursuant to section 2241 in the custodial district, and the petitioner must exhaust all administrative remedies or state court remedies if applicable. *Chambers*, 106 F.3d at 473 (section 2241); *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997) (section 2255 collateral attacks channeled to sentencing court).

In rare circumstances, section 2241 may be used by a federal prisoner to test the legality of his conviction or sentence, and only where the remedy afforded by section 2255 is "inadequate or ineffective to test the legality of his detention." *Poindexter*, 333 F.3d at 378 (citing inter alia 28 U.S.C. § 2255). Such circumstances include where relief through section 2255 is unavailable as a procedural matter, and the failure to allow collateral review would raise serious constitutional questions. *Id.* (citing *Jiminian*, 245 F.3d at 147). Serious constitutional questions include asserting a claim of actual innocence on the existing record that could not have effectively been raised at an earlier time. *Poindexter*, 333 F.3d at 378. The remedy afforded by section 2255 is not rendered inadequate or ineffective merely because the individual was unable to

5

obtain relief under that provision or because the individual is procedurally barred from filing a motion under section 2255. *Triestman*, 124 F.3d at 376 (citing *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)).

**B.  Application**

**1.  Section 2255**

In this case, in his form-application, the petitioner clearly states that he is challenging the validity of his conviction, even though he states that he is challenging his "extradition." Petitioner believes that if he was transferred to Pennsylvania illegally it would make a "conviction impossible." He asks that this court grant him the right to an extradition hearing and "revoke" his conviction until he has the hearing. In the alternative, he agrees to "maintain his plea of guilty" if this court resentences him to time-served, and orders his immediate release. To the extent that he is challenging his plea, sentencing, and conviction, as stated above, such a claim is properly brought under section 2255, in the district of conviction: the Middle District of Pennsylvania. The petitioner knows as much because he filed a letter, "warning" the court that he would pursue his "remedy" if the court did not agree to resentence him to time-served.

There is no indication that section 2255 would have been "inadequate" or "ineffective" if petitioner were challenging the voluntariness of his plea. Additionally, petitioner clearly is not claiming that he is "actually innocent," because he agrees to "maintain" his guilty plea if the court agrees to change his sentence. Thus, section 2241 is not the proper vehicle to challenge petitioner's conviction, and he would have to file a section 2255 motion in the Middle District of Pennsylvania in order to claim

that his plea was involuntary because of the statutory violation.[6]

### 2. Section 2241

In his traverse, petitioner insists that he is challenging only the legality of his extradition.[7] Even assuming the truth of this statement, and assuming that section 2241 were the proper vehicle for the challenge, this petition should be dismissed.[8] The court will discuss the merits of this case in keeping with the liberality with which pro se pleadings are treated. Petitioner is confusing "extradition" under what he refers to as the "Criminal Extradition Act," with other methods to obtain the presence of an inmate who is confined in different state. Petitioner cites the Uniform Criminal Extradition Act of 1936 ("UCEA").

The UCEA, initially drafted in 1926, and revised in 1936, establishes procedures for the interstate transfer of individuals against whom criminal charges are outstanding. *Cuyler v. Adams*, 449 U.S. 433, 435 n.1 (1981). The UCEA applies both to individuals

---

[6] The court does note, in passing, that the Second Circuit has held that claims based upon violations of the Interstate Agreement on Detainers ("IAD") alone are not cognizable under section 2255. *Edwards v. United States*, 564 F.2d 652, 653-54 (2d Cir. 1977).

[7] The petitioner makes no other claims regarding the validity of his plea. He is basing his challenge *solely* upon the alleged violation of the UCEA. His argument appears to be that if the extradition was invalid, then he could not have been prosecuted in Pennsylvania, and this would somehow automatically render his guilty plea involuntary. The court notes that petitioner was represented by counsel at all times in Pennsylvania. Counsel was appointed when the petitioner made his first appearance in the Middle District court.

[8] If petitioner were challenging only his extradition, it is arguable that a section 2255 motion would be either inapplicable or "inadequate to test the illegality of his detention" as stated above, although there are no serious constitutional questions involved. Such a finding could allow petitioner to bring a petition under section 2241, however, it would not, as petitioner requests, allow this court to invalidate his conviction. In fact, finding that petitioner's extradition was somehow invalid would not change anything at this point.

7

who are at liberty and those who are confined in prison. *Id.* Section 10 of the UCEA explicitly provides for a pretransfer "hearing" at which the inmate is informed of the receiving state's request for custody, his right to counsel, and his right to apply for a writ of habeas corpus, challenging the custody request. *Id.* at 443 (citing the UCEA and the Pennsylvania codification of the UCEA, 42 Pa. Const. Stat. § 9131 (Supp. 1980)). In New York, the UCEA language is codified at N.Y. Crim. Proc. Law § 570.24 in essentially the same language. *See Lynch v. Menifee*, No. 02 Civ. 5219, 2004 WL 1738888, at *6 & n.16 (S.D.N.Y. Aug. 4, 2004) (quoting the UCEA and citing the New York statute in a footnote).

However, the UCEA is not the only procedure available for the transfer of individuals to another state for prosecution. In addition to the UCEA, New York has adopted the Interstate Agreement on Detainers ("IAD"), N.Y. Crim. Proc. Law § 580.20. The IAD is an interstate compact, which "establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial." *Seymore v. State of Ala.*, 846 F.2d 1355, 1357 (11th Cir.1988). The IAD "was enacted to require the prompt resolution of outstanding charges against a sentenced prisoner to minimize interruptions in his ongoing prison term while he responds to pending charges in another jurisdiction." *United States v. Figueroa*, No. 04 Cr. 6106(JWF), 2005 U.S. Dist. LEXIS 5741, at *12 (W.D.N.Y. Feb. 10, 2005) (citing *Alabama v. Bozeman*, 533 U.S.

146, 148 (2001)). The Federal Government has adopted the IAD as well.[9] *See* 18 U.S.C. App. 2.

The IAD was adopted, in part, to allow inmates, against whom a detainer has been lodged, to initiate their transfer to a state or federal district in which an untried indictment is pending so that they may request a "final disposition" of the pending criminal charges. *See* N.Y. Crim. Proc. Law § 580.20, Art. III. An inmate's request under Article III of the IAD does not require a pre-transfer hearing because the inmate himself has requested the transfer, and the IAD provides that such a request "shall also be deemed a waiver of extradition." This section of the IAD also provides that after such a request by the inmate, with certain exceptions, he shall be brought to trial within 180 days after his request. *Id.* Art. III(a).

The IAD also contains a section whereby the prosecutor in the jurisdiction where the untried indictment, information, or complaint is pending may initiate the prisoner's transfer by making the appropriate written request for "temporary custody." *Id.* Art. IV(a). Pursuant to this section of the IAD, "there shall be a period of thirty days after receipt by the appropriate authorities before the request is honored, within which period the governor of the sending state may disapprove the request for temporary custody or availability, either upon his own request or upon motion of the prisoner." *Id.* This article also provides that "[n]othing contained in this Article shall be construed to deprive any prisoner of any right which he may have to contest the legality of his

---

[9] The federal government has not adopted the UCEA. *See Mann v. Warden*, 771 F.2d 1453 (11th Cir. 1985) (per curiam).

delivery as provided in paragraph (a) hereof . . . ." *Id.* Art. IV(d). This section was interpreted as incorporating the "procedural safeguards" of the UCEA, including a pretransfer hearing. *Cuyler*, 449 U.S. at 443.

Finally, this article provides that if trial on the pending indictment, information or complaint is not conducted prior to the inmate's return to the original place of imprisonment pursuant to Article V(e), then "such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing same with prejudice." *Id.* Art. IV(e). Dismissal under this section occurs ***only*** if the final disposition of the case is not made prior to the inmate's return to the sending state.

In this case, petitioner's presence in Pennsylvania was **not** obtained either by the USEA or by the IAD. Instead, petitioner's presence in Pennsylvania was obtained by Writ of Habeas Corpus Ad Prosequendum. The Writ of Habeas Corpus ad Prosequendum is authorized by 28 U.S.C. § 2241(c)(5). In *United States v. Mauro*, the Supreme Court held that a writ of habeas corpus ad prosequendum issued by a federal district court, ordering delivery of a prisoner from state prison, "is not a detainer within the meaning of the [IAD] and thus does not trigger the application of the Agreement." *United States v. Mauro*, 436 U.S. 340, 349 (1978). Because it does not trigger the IAD, none of the procedures required by the IAD or the UCEA are (or were) applicable in petitioner's case. Neither the prosecutor in Pennsylvania, nor the court in Pennsylvania was required to invoke the IAD when custody of the petitioner was secured from New York State. *See McCarroll v. Massachusetts ex rel. Atty. Gen.*, No. 09-CV-11018, 2010 WL 3059423, at *4 (D. Mass. Aug. 4, 2010). Thus, no statute was violated, and no

hearing was required.

## CONCLUSION

Insofar as petitioner's application may be read as challenging his guilty plea, conviction, or sentence in the Middle District of Pennsylvania, it may be dismissed for lack of jurisdiction under 2241. To the extent that petitioner could bring a challenge to his "extradition" only, arguably making a section 2255 motion inappropriate or inapplicable, petitioner's application for a writ of habeas corpus may be dismissed on the merits pursuant to section 2241.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: August 11, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge